BECKFORD, (CAHILL v.) See Case No. 2,-290.

═══

## Case No. 1,211.

### BECKLEY v. UNITED STATES.

[1 Hayw. & H. 88.] [1]

Circuit Court, District of Columbia. June 2, 1842.

LARCENY OF COIN—INDICTMENT — AVERMENT OF OWNERSHIP AND VALUE.

1. In an indictment for larceny it is not necessary to aver that coins stolen were the property or money of the prosecutor, or of any other person; it is sufficient to state [that] they were the goods and chattels of the prosecutor.

2. Nor is it necessary to state the value of the coins, if it is stated that they were called 25 cents each, &c.

[Motion for a writ of error to the criminal court for the District of Columbia.

[Indictment for larceny against John Beckley, Jr. A verdict of guilty was rendered. Defendant moves for writ of error. Denied.]

Brent & Brent, for plaintiff.
P. R. Fendall, for the United States.

Before CRANCH, Chief Judge, and THRUSTON and MORSELL, Circuit Judges.

The indictment states that: "The jurors, &c., present that Jesse Beckley, the younger, a free negro, on the 31st August, 1841, with, &c., twenty pieces of the current silver coin of Mexico, each of said pieces being called a dollar, and being of the value of one dollar, one piece of the current gold coin of the United Kingdom of Great Britain and Ireland, called a sovereign, of the value of four dollars and eighty-five cents, and divers pieces of the silver coin of the United States, of divers sizes and denominations, some of the said last-mentioned pieces being called fifty cents each, some of the said last-mentioned pieces being called twenty-five cents each, and divers pieces of the silver coin of divers foreign countries, some of the said last-mentioned pieces being called

[1] [Reported by John A. Hayward, Esq., and George C. Hazleton, Esq.]

twelve-and-a-half cents each, and some of the said last-mentioned pieces being called six-and-a-quarter cents each; the aforesaid divers pieces of the silver coin of the United States of divers sizes and denominations, and the aforesaid divers pieces of silver coin of divers foreign countries, being together of the value of one hundred dollars and fifteen cents, of the goods and chattels of one Richard Lea, then and there being, feloniously did steal, &c. P. R. Fendall." The prisoner pleaded "Not guilty" to this indictment. The jury, having heard the evidence and arguments of counsel, returned a verdict of guilty. The judgment of the court was that he suffer imprisonment and labor in the penitentiary for the period of two years.

The prisoner, by his counsel, tendered the following bills of exceptions: Upon the trial of this cause the United States offered a free colored witness to give testimony in the same, to which the defendant objected, and offered evidence tending to prove that the mother of the defendant was a white woman, but his father was a black man.

The court overruled the objection made by the defendant, and permitted the witness to be sworn; to which opinion of the court the defendant excepts, and prays that this bill of exceptions may be signed, &c.

Motion in arrest of judgment:

1. Because the indictment in this case does not aver that the twenty pieces of current silver coin of Mexico, and one piece of the current gold coin of the United Kingdom of Great Britain and Ireland, called a sovereign, were the property or money of Richard Lea, or the "property or money" of any person whatever.

2. Because the indictment aforesaid, among other things, merely avers that the traverser did feloniously steal, take and carry away "divers pieces of the silver coin of the United States, of divers sizes and denominations, some of the last-mentioned pieces being called fifty cents each, some of the said last-mentioned pieces being called twenty-five cents each, and divers pieces of the silver coin of divers foreign countries, some of the said last-mentioned pieces being called twelve-and-a-half cents each, and some of the said last-mentioned pieces being called six-and-a-quarter cents," without stating what was the current value of each of the said above described coins.

3. Because the indictment aforesaid avers that the above-described coins, and the other silver coins therein described, were the goods and chattels of one Richard Lea, whereas it should have averred that they were the property or money of the said Richard Lea.

The motion, for a writ of error, after argument by counsel, was refused, and judgment of criminal court affirmed.